UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>JEFFREY M. STOLTE,<br><br>    Defendant. | Case No. 13-cv-05539-JCS<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 7 |

**I. INTRODUCTION**

On November 29, 2013, Defendant Jeffrey M. Stolte, Sr. removed the underlying case, an unlawful detainer action, from the Superior Court of California, County of Contra Costa ("Contra Costa County Superior Court") to federal court. *See* Dkt. No. 1 ("Notice of Removal"). On January 17, 2014, Plaintiff Nationstar Mortgage, LLC ("Nationstar") filed a Motion to Remand ("Motion").[1] A hearing on the Motion was held on February 14, 2014 at 9:30 a.m. Nationstar appeared at the hearing but Defendant did not. For the reasons stated below, the Motion is GRANTED.[2]

**II. BACKGROUND**

Nationstar alleges that it is the owner of the real property located at 1741 Geary Road, Walnut Creek, CA 94597 ("Property"). Dkt. No. 1-1 ("Compl.") ¶ 1. According to the Complaint, Stolte defaulted under the terms of the Deed of Trust that secured the Property. *Id*. ¶

---

[1] Although Plaintiff refers to the Alameda County Superior Court in the Notice of Motion, the Complaint was filed in Contra Costa County Superior Court and in the introduction to the Motion, Plaintiff makes clear it is seeking remand to Contra Costa County Superior Court. Thus, it is clear that the reference to Alameda County Superior Court is merely a clerical error.
[2] All parties have consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

1   9. After Stolte failed to cure the default, a Trustee's Sale of the Property was conducted and the
2   Property was sold to Nationstar. *Id*. ¶¶ 8, 9.  The Trustee's Deed Upon Sale attached to the
3   Complaint reflects that the amount of unpaid debt together with costs is $704,324.73. *See* Dkt.
4   No. 1-1 at 13.  Nationstar alleges that on August 19, 2013, it served Stolte a written notice to quit
5   and deliver possession of the Property to Nationstar within three days. *See* Dkt. No. 1-1 at 17, 20.
6   On August 21, 2013, Nationstar filed a lawsuit for unlawful detainer against Stolte pursuant to
7   California Code of Civil Procedure § 1161 in the Contra Costa County Superior Court. *See*
8   Compl.  Nationstar alleges that Stolte has failed and refused to deliver up possession of the
9   Property, and that as of the date of the Complaint, Stolte continues in possession of the Property
10  without Nationstar's permission or consent.  Compl. ¶¶ 13, 14.  The face of the Complaint states
11  that this is a "limited civil case" and the amount is not to exceed $10,000. *See* Compl.
12      On November 29, 2013, Stolte removed the action to this Court asserting that there is
13  federal jurisdiction based on diversity. *See* Dkt. No. 1.  In particular, Stolte states in the Notice of
14  Removal that: (1) there is complete diversity of citizenship; and (2) the amount in controversy
15  exceeds $75,000.  Notice of Removal ¶¶ 5 – 7.  Stolte further asserts that both Nationstar and
16  Stolte are citizens of California. *Id*. ¶¶ 5, 6.  Stolte does not invoke federal question jurisdiction in
17  the Notice of Removal. *See* Dkt. No. 1.
18      In the Motion, Nationstar asks the Court to remand the action to state court on the basis
19  that there is no federal subject matter jurisdiction, both because the Complaint does not raise a
20  federal question and because the amount in controversy requirement is not met.[3]  *See* Dkt. No. 7.
21  Nationstar does not argue that diversity of citizenship is lacking, even though the Notice of
22  Removal states that both parties are citizens of California.
23      At the hearing, Plaintiff's counsel stated that he was uncertain as to the citizenship of
24  Nationstar Mortgage, LLC.

---

[3] In the introduction section of the Motion, Nationstar states, erroneously, that the case was removed on the basis of a federal question.  This appears to be another clerical error.

United States District Court
Northern District of California

### III. ANALYSIS

#### A. Legal Standard

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*. (citations omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id*. (citations omitted).

Removal jurisdiction may be based on diversity of citizenship or on the existence of a federal question. 28 U.S.C. § 1441. Whether removal jurisdiction exists must be determined by reference to the well-pleaded complaint. *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 808 (1986). "A defense that raises a federal question is inadequate to confer federal jurisdiction." *Id*. *See also Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) (plaintiff is the "master of the complaint" who may "avoid federal jurisdiction by pleading solely state-law claims").

Federal subject matter jurisdiction based on diversity requires complete diversity of citizenship and an amount in controversy in excess of $75,000. 28 U.S.C. § 1332(a)(1). When an action is removed based on diversity, complete diversity must exist at the time of removal. *Gould v. Mut. Life Ins. Co. of N.Y.*, 790 F.2d 769, 773 (9th Cir. 1986) (citing *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985)). "If at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). A civil action removable solely on the basis of the jurisdiction under 28 U.S.C. § 1332(a) may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought. *See* 28 U.S.C. § 1441(b)(2).

#### B. Discussion

The removal of this case was improper. First, Nationstar has asserted only a claim for

unlawful detainer, which is a state law claim. *See Litton Loan Servicing, L.P. v. Villegas*, No. 10-5478 (PJH), 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011) (unlawful detainer is a state law claim). Thus, there is no federal question jurisdiction. *See Deutsche Bank Nat. Trust Co. v. Goldman*, No. 13-0738 (JCS), 2013 WL 1663549 (N.D. Cal. Apr. 2, 2013), *report and recommendation adopted sub nom. Deutsche Bank Nat. Trust Co. v. Duenas*, No. 13-0738 (RS), 2013 WL 1662437 (N.D. Cal. Apr. 17, 2013) (remanding unlawful detainer case for lack of subject matter jurisdiction). Second, the Court does not have jurisdiction based on diversity because the amount in controversy does not meet the $75,000 threshold.

In unlawful detainer actions, "the damages are limited to the rental value of the property during the period of unlawful possession." *Wells Fargo Bank, NA v. Hunt*, No. 10-4965 (JCS), 2011 WL 445801, at *4 (N.D. Cal. Feb. 3, 2011) (citing *Litton Loan Servicing*, No. 10-5478 (PJH), 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011)). Thus, even where an unlawful detainer action involves foreclosure on a mortgage that exceeds $75,000, the amount of the mortgage does not satisfy the amount in controversy requirement. *See Deutsche Bank National Trust v. Heredia*, No. 12-4405 (PJH), 2012 WL 4747157, at *2 (N.D. Cal. Oct. 3, 2012) (holding, *inter alia*, that the amount in controversy requirement was not met even where the mortgage was valued at over $75,000 as per Deed of Trust). Further, courts have found that the amount in controversy requirement is not met in unlawful detainer actions that are filed in the superior court where it is designated on the face of the complaint that the case is one of "limited civil jurisdiction" involving less than $10,000 in controversy. *See JPMorgan Chase Bank, Nat. Ass'n v. Chavez*, No. 11-5129 (PSG), 2011 WL 6760349 (N.D. Cal. Dec. 5, 2011) *report and recommendation adopted*, No. 11-5129 (CW), 2011 WL 6749057 (N.D. Cal. Dec. 23, 2011) (holding that there was no diversity jurisdiction in an unlawful detainer action, where the complaint was filed in the superior court as a case of "limited civil jurisdiction" involving to less than $10,000 in controversy).

Although Stolte states in the Notice of Removal that from the face of the Complaint, it is "apparent" that the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs, he does not provide any explanation as to why the amount in controversy is likely to exceed $75,000. Nationstar alleged that it served the Notice to Vacate on August 19,

4

2013. Given the date of the notice, Nationstar is entitled to no more than around six months of rental value on the Property during the period of unlawful possession if it prevails in this action. No facts in the Complaint suggest that this amount can possibly reach $75,000. Nationstar's designation of the case as a limited civil case involving no more than $10,000 further supports the conclusion that the amount in controversy requirement is not met in this action.

Finally, Stolte cannot remove to federal court because he expressly asserts that he is a citizen of California for purposes of diversity, and the state court action began in California. *See* Compl.; Notice of Removal ¶ 6. Section 1441(b) confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state. *See, e.g.*, *Homesales, Inc. v. Amora*, No. 12-1659 (EMC), 2012 WL 2061923, at *1 (N.D. Cal. June 5, 2012) (citing 28 U.S.C. § 1441(b)(2); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)) (granting plaintiff's motion to remand unlawful detainer case removed by defendants because, *inter alia*, defendants were California citizens and action had originally been brought in California state court).

## IV. CONCLUSION

For the foregoing reasons, the Motion to Remand is GRANTED and the Court orders that the case be remanded to the Contra Costa County Superior Court.

**IT IS SO ORDERED**.

Dated: February 14, 2014

JOSEPH C. SPERO
United States Magistrate Judge